IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE B.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 1:19-cv-00062-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff George B. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g).

    Plaintiff argues that the Administrative Law Judge ("ALJ") erred by rejecting his subjective symptom testimony, disregarding lay witness testimony, and formulating an unreasonable residual functional capacity ("RFC"). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

    A reviewing court will affirm the Commissioner's decision if it is based on proper legal

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: left epicondylitis; mild degenerative joint disease of the hand; carpal and cubital tunnel syndrome; degenerative disc disease; lumbar compression fracture; coronary artery disease and history of

atrial fibrillation; diabetes mellitus; and obesity. Tr. 17.[2] The ALJ found that Plaintiff had the following RFC:

> The claimant [can] perform sedentary work as defined in 20 CFR 416.967(a) except as follows. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally push and pull bilaterally. He can frequently finger and feel bilaterally. He must avoid concentrated exposure to hazards and extreme temperatures.

Tr. 18. Based on the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could not perform past relevant work but could perform jobs that exist in significant numbers in the national economy. Tr. 27–28. The ALJ determined Plaintiff was not disabled. Tr. 29.

Plaintiff argues that the ALJ committed legal error by rejecting Plaintiff's symptom testimony, improperly disregarding lay witness testimony, and formulating an improper RFC.

**I. Plaintiff's Symptom Testimony**

Plaintiff asserts that the ALJ erred by rejecting his subjective symptom testimony. An ALJ can only reject testimony about the severity of a claimant's symptoms by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ may "consider a range of factors," to include:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

---

[2] "Tr" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

Plaintiff testified that he could not sit or stand for more than an hour at a time. Tr. 46, 223. He also testified that he could not perform any heavy lifting because of back pain, nerve pain, and swelling in his right hand. *Id.* The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms" inconsistent with evidence in the record. Tr. 20. The ALJ supported his credibility determination with references to inconsistent medical evidence, conservative pain treatment, and daily activities that contradicted Plaintiff's subjective symptom testimony. Tr. 26–27.

Substantial evidence in the record supports the ALJ's determination. While Plaintiff testified that his back pain was severe, the ALJ noted that the record largely showed conservative treatment. Tr. 26. Plaintiff self-reported that he relied on muscle relaxants for his back pain. Tr. 23 (citing tr. 839). Physical examinations also suggested that Plaintiff had full motor strength, intact sensation, and stable gait. Tr. 21–23 (citing tr. 694, 696, 814, 818, 869–70). Plaintiff argues that conservative treatment failed because he consistently rated his own back pain as "severe." Pl.'s Br. 10, ECF No. 14 (citing tr. 310, 727, 730, 733, 749, 752, 954). Yet an ALJ may reject symptom testimony if the extent of treatment is inconsistent with the degree of the individual's complaints. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citations omitted); SSR 16-3p, 2017 WL 5180304, at *9. Here, the ALJ did not err in rejecting symptom testimony based on conservative treatment.

Similarly, the ALJ did not err by relying on Plaintiff's failure to obtain doctor recommended back surgery. Following a compression fracture in January 2015, Plaintiff was

referred for back surgery. Tr. 22 (citing tr. 815). Plaintiff postponed this surgery and never rescheduled, suggesting to the ALJ that Plaintiff's pain was not as severe as alleged. Tr. 22, 26 (citing tr. 961). Plaintiff testified that the surgery was delayed because Plaintiff needed dental extractions, while also saying that he had become "used to the pain." Tr. 42; *see also* tr. 961. The ALJ reasonably determined that this testimony did not adequately explain Plaintiff's failure to follow up with a treatment recommendation. *Molina*, 674 F.3d at 1113 ("We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on . . . *inadequately explained failure . . . to follow a prescribed course of treatment*." (emphasis added) (citations and quotations omitted)). While Plaintiff's argument presents another rational interpretation of the record, the Court "may not engage in second guessing." *Thomas*, 278 F.3d at 959.

The ALJ also rejected Plaintiff's testimony about his upper extremity impairment by finding that it was inconsistent with medical evidence and other evidence in the record. Tr. 26–27. The ALJ noted times when doctors suggested conservative treatment. *See* tr. 909–10 (prescribing pain relief gel to apply to affected areas); tr. 927, 929 (prescribing Tylenol for left arm pain). Objective findings related to Plaintiff's upper extremities were also generally unimpressive, including findings of normal grip strength, intact sensation, and no indication of nerve problems. Tr. 694, 885, 910, 939. The ALJ also discounted Plaintiff's testimony based on his daily activities of playing video games and ability to do laundry. Tr. 26 (citing tr. 727). Here, the lack of objective medical evidence, along with other permissible rationales for rejecting Plaintiff's testimony, constituted clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony about his upper extremities. *Bunnel v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Thomas*, 278 F.3d at 958–59 (upholding ALJ credibility determination based on lack of "objective medical evidence," along with other permissible rationales for discounting claimant testimony).

In sum, the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## II. Lay Witness Testimony

Plaintiff argues that the ALJ erred in rejecting the lay witness testimony from his mother. While the Commissioner concedes that the ALJ did not thoroughly discuss the mother's testimony, the Commissioner argues that the error is harmless because it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006). Generally, an ALJ must provide "germane reasons" for rejecting lay testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Yet it is not reversible error to reject lay witness testimony when "the lay testimony described the same limitations as [claimant's] own testimony, and the ALJ's reasons for rejecting [claimant's] testimony apply with equal force to the lay testimony." *Molina*, 674 F.3d at 1122.

While Plaintiff's mother offered an opinion about specific limitations, her opinion generally mirrored Plaintiff's own allegations. *Compare* tr. 285 (mother discusses claimant's difficulties with standing, sitting, and using his hands), *with* tr. 223, 309 (claimant self-reports a "standing [and sitting] tolerance of about 30-60 [minutes]"), *and* tr. 44, 228, 844 (claimant self-reports that using his hands is difficult). Even without a more thorough discussion, because the lay testimony generally described the same limitations alleged by Plaintiff, the ALJ's lay witness analysis was harmless error. *Molina*, 674 F.3d at 1122.

## III. Plaintiff's RFC

Plaintiff argues that the ALJ erred by failing to account for all of Plaintiff's impairments when determining his RFC. Pl.'s Br. 13. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the

relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, 1996 WL 374184. The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

Plaintiff argues that the ALJ erred in two ways when formulating the RFC. First, Plaintiff contends that the ALJ did not assess whether Plaintiff could work on a "regular and continuing basis." Pl.'s Br. 13 (quoting SSR 96-8p, 1996 WL 374184, at *1). Second, Plaintiff argues that because the ALJ rejected critical evidence on Plaintiff's behalf, the formulated RFC failed to account for all of Plaintiff's impairments and limitations. Pl.'s Br. 13–14.

At the hearing, the ALJ posed hypothetical questions to the VE that illustrated a consideration for Plaintiff's ability to work on a regular and continuing basis. Tr. 54–59; *Osenbrock*, 240 F.3d at 1162 (explaining that the Commissioner can meet its Step Five burden by relying on VE testimony). And as discussed above, the ALJ relied on substantial evidence and analyzed the entire record when determining what impairments hindered Plaintiff. *See* tr. 18–27. For these reasons, the ALJ's RFC determination was not legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (citing *Morgan*, 169 F.3d at 599) ("We will affirm the ALJ's determination of [claimant's] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence.").

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 5th day of March, 2020.

                                        __s/Michael J. McShane_____
                                        Michael J. McShane
                                        United States District Judge